Steven FLETCHER, Appellant,

v.

MUNICIPALITY OF ANCHORAGE,
Appellee.

No. 6134.

Court of Appeals of Alaska.

Sept. 10, 1982.

Michael L. Wolverton, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

James Ottinger, Municipal Prosecutor, and Allen Bailey, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Steven Fletcher was charged with driving while intoxicated on February 18, 1981, in violation of AMC 9.28.020(A). Prior to trial, Fletcher entered a no contest plea pursuant to *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974), and *Oveson v. State,* 574 P.2d 801, 803 n.4 (Alaska 1978). Fletcher preserved the following issue for appeal:

> Whether, in a case where a defendant has been charged with Driving While Intoxicated and a video tape is made of that defendant performing various sobriety tests, the fact that the prosecution is able to produce at trial only the audio portion of the video tape requires dismissal of the action.

Prior to trial the court and counsel played the video tape which had been made of Fletcher at the station after his arrest for DWI. Although the audio portion of the tape was clear, the video portion was virtually blank. Fletcher moved to dismiss the case based upon the failure of the prosecution to preserve evidence of his actions during the time he was being video taped. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Apparently denying Fletcher's motion, the trial court called in the jury. At this point Fletcher entered his no contest plea.

We do not believe that the trial judge abused his discretion in refusing to dismiss the complaint against Fletcher.

The applicability of sanctions for failure to preserve or disclose evidence was discussed by the supreme court in the recent case of *Putnam v. State*, 629 P.2d 35, 43–44 (Alaska 1980):

> What, if any, sanctions are appropriate is to be determined by weighing the degree of culpability involved on the part of the state, the importance of the evidence which has been lost, and the evidence of guilt which is adduced at trial. Where the evidence in question was destroyed in bad faith or as part of a deliberate attempt to avoid production, sanctions will normally follow. On the other hand, where it appears that the evidence was lost or destroyed in good faith, the imposition of sanctions will depend upon the degree to which the defendant has been prejudiced. In cases where the defendant cannot reasonably be said to have been prejudiced by the state's good faith failure to preserve the evidence, sanctions will generally not be appropriate. Where, however, the defendant has suffered prejudice, sanctions will generally be warranted. Just what sanction is appropriate in a given case is best left to the sound discretion of the trial court. [Citations and footnotes omitted.]

The remedy of dismissal is a severe sanction which is generally not justified unless there has been deliberate action by the government or significant prejudice to the defendant. *United States v. Quiovers*, 539 F.2d 744 (D.C.Cir.1976). There are many sanctions other than dismissal for a violation by the government of its duty to preserve evidence. For instance, the court could have instructed the jury that when a party such as the government does not produce the strongest evidence available to it, the jury should regard the weaker evidence produced with caution. The court could also go further and instruct the jury to assume that the video tape evidence would be favorable to the defendant. *See United States v. Bundy*, 472 F.2d 1266, 1268–69 (D.C.Cir. 1972).

The prosecution has the burden of establishing that the failure to preserve evidence was in good faith and that the defendant has not suffered prejudice. *Putnam v. State*, 629 P.2d at 44 n.18. We believe that the evidence before the trial court was sufficient to establish that the sanction of dismissal was not appropriate. There was no suggestion that the absence of the video portion of the tape was the result of intentional misconduct by the police. It is apparent that there was either an equipment malfunction or negligence on the part of the officer operating the equipment. Moreover, from the audio portion of the tape, it appears that the video portion would have been of limited materiality, since Fletcher apparently refused to perform any of the routine field sobriety tests during the time he was taped. Although the record which we have before us is minimal because of the *Cooksey* plea, it is adequate to support the conclusion that the trial court did not err in refusing to dismiss the charges against Fletcher.[1]

The judgment of the trial court is AFFIRMED.

---

1. We are *not* deciding that there was necessarily a violation by the municipality of its duty to preserve evidence or that sanctions were appropriate. That decision is in the first instance one for the trial court. Our decision is limited to the dismissal question which the parties have placed before us.